**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MEGAN H. COWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00171-AGF |
| ) | |
| DISCOVER BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Megan H. Cowden's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 3. Plaintiff answered most of the Application's financial questions with "N/A," including questions pertaining to her gross and take-home pay, her amount of cash on hand, and her assets owned. *Id.* at 1-2. She further states:

> I hereby certify that I promise to pay upon the court issuing an order to pay or complete IFP forms, the matter is urgent and I cannot at this Time prepay please proceed regardless I will handle the bill.

*Id.* at 2. Similarly, on another Court filing, Plaintiff indicated that she would be paying the filing fee. *See* ECF No. 2 at 1 ("Please initiate upon order issuance we will pay the filing fees.").

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v.*

*McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  Furthermore, under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court."  E.D. Mo. L.R. 2.05(A).

In this case, the Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because she has not answered the financial questions on the form Application.  Plaintiff cannot rely on her own conclusions regarding her ability to pay; she must demonstrate to the Court that "because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life." *Adkins*, 335 U.S. at 339.  Plaintiff has failed to do so.  Furthermore, despite filing the Application, Plaintiff indicates an intent to pay the filing fees.  As such, Plaintiff's Application will be denied without prejudice.  If Plaintiff wishes to proceed in this action, she must either file a new Application with complete answers or pay the full $405 filing fee for this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff must either pay the $405 filing fee or file a completed application to proceed in the district court without prepaying fees or costs.

**IT IS FINALLY ORDERED** that if Plaintiff does not timely and fully comply with this Order, her case will be dismissed without prejudice and without further notice.

Dated this 1st day of May, 2025.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE